## BALLOU v. SMITH.

When an appeal is taken from the judgment of a justice of the peace, the proper practice is for the justice to go through with the usual form in taking the recognizance of the principal and sureties.

An entry upon the docket of the justice in this form: "Appealed. A. B. principal, C. D. and E. F. sureties in the sum of $20 for costs," is a sufficient docket entry, from which the justice may draw out the recognizance in full, and furnish a copy when requested.

Where, upon an appeal being taken from the judgment of a justice of the peace, the principal and sureties presented themselves before the magistrate, to recognize as required by statute, and he, with their assent and in their presence, made an entry upon his docket of an appeal and of their recognizing as principal and sureties—held, that the appeal and recognizance were sufficiently taken; and that upon the magistrate's refusing to make out a copy of a recognizance in due form, a mandamus might issue against him to procure a full and correct copy.

PETITION for a mandamus, setting forth, in substance, that on the 9th day of July, 1852, a suit was instituted against the petitioner by John C. Butler, returnable before the respondent, Robert Smith, a justice of the peace for the county of Grafton, on the 28th day of August, 1852; that the action was continued from time to time till the 9th day of October, 1852, when the cause was tried and judgment rendered in favor of the plaintiff and against the petitioner for $1,15 debt, and $22,41 costs of suit; from which judgment the petitioner appealed, immediately and within two hours after the rendition of the judgment, to the next court of common pleas for the county, and did then and there en-

ter into recognizance to the plaintiff, with N. B. Bryant and Enoch Y. Dudley, two sufficient securities, in the sum of $20, to pay the costs which might be recovered against the petitioner. That the justice then and there entered upon his docket or record the following, relative to the appeal:

> " Appealed.
> John Ballou, Principal,
> Enoch Y. Dudley, } Sureties in the sum of
> N. B. Bryant,        } $20 for costs."

That at the next term of the court of common pleas the action was duly entered by the petitioner, and is still pending in that court; that the petitioner called upon the justice for the proper copies of the case and paid him therefor his fees for making the same; that it became and was necessary that the recognizance should be written out in full, according to the established and legal forms, and it was the duty of the justice so to furnish it; that he has not so done, but, on the contrary, has refused to make out such a copy, and instead thereof has furnished only a copy of the brief entry made upon his docket. That the counsel for the plaintiff in said action has moved the court of common pleas to dismiss the appeal, on account of the informality and defect in the copy of the recognizance.

The petitioner prayed that a mandamus might issue to the respondent, Robert Smith, commanding him to correct the copy of the recognizance, so that the action might not be dismissed in the common pleas, and the petitioner might have a fair trial of the same.

*Bryant*, for the petitioner.

*Tenney*, for the respondent.

EASTMAN, J. It appears from an examination of the affidavits accompanying this petition, taken in behalf of the

Ballou v. Smith.

respondent as well as the petitioner, that at the time judgment was rendered against the petitioner by the magistrate, he claimed an appeal therefrom, and offered himself, with two sufficient sureties, to recognize according to the statute. That on presenting themselves to enter into recognizance, the magistrate inquired if it was necessary to go through with the form of taking the recognizance, and was told that it was not; that, accordingly, no formal recognizance was taken, but the magistrate, with the assent of the principal and sureties, and in their presence, made the entry in his docket, as stated in the petition, viz: " Appealed. John Ballou, principal, Enoch Y. Dudley, N. B. Bryant sureties, in the sum of $20 for cost." Now, although we regard this as a loose way of taking a recognizance, and liable to abuse and misunderstanding, and although the better and safer practice is for the magistrate to go through with the usual and well understood form when he takes a recognizance, yet, in this case, we think there was sufficient done to perfect the appeal.

After an entry made upon the docket of the justice, under the circumstances disclosed here, the sureties would not, in an action against them, be permitted to say that they had never entered into the recognizance. The docket of the magistrate would be conclusive upon them, and the failure to go through with the form of the recognizance could not affect their liability to the appellee.

But the taking of a recognizance in this way might sometimes lead to controversy and litigation between the magistrate and the sureties, upon the ground of there having been false entries made upon the docket. The entry upon the docket is sufficient, but the form of acknowledging themselves bound, &c., should be gone through with.

We have held in the case of a record made in the superior court, that the clerk may extend the judgment of the court from the minutes and papers on file, whenever that becomes necessary, at any time. And from the record so

made up, the clerk can make and certify a copy which will be conclusive evidence of the judgment.   *Willard* v. *Harvey*, 4 Foster's Rep. 344.

When this respondent was requested to furnish the copies, should have drawn out the recognizance in due form from the minutes on his docket, and then furnished a copy of such recognizance to the appellant.   Not having so done and refusing to do it, a mandamus must issue, commanding him to make up his record, and furnish a copy of the recognizance according to the views here expressed.

*Mandamus to issue.*